UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP MARSH,

                Plaintiff,                Civil Action No. 15-11481
                                                            Honorable Gerald E. Rosen
                                                            Magistrate Judge David R. Grand
v.

CAROLYN W. COLVIN, as
Acting Commissioner of the
Social Security Administration,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S *EX PARTE* MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE [2]**

**I.    BACKGROUND**

Presently before the Court for a Report and Recommendation is plaintiff Phillip Marsh's ("Marsh") *Ex Parte* Motion for Preliminary Injunction ("PI Motion"). [2]. According to the documents attached to Marsh's PI Motion, on or about July 5, 2012, he applied to the Social Security Administration (the "Administration") for child's insurance benefits for the period commencing September 2, 1979.[1] [2-3 at 3]. It appears that a hearing was held before an ALJ on August 15, 2013, and that on September 11, 2013, the ALJ issued a decision on Marsh's application finding him disabled as of September 2, 1979.[2] [*Id.*]. The Notice of Decision characterizes the ALJ's decision as "Fully Favorable." [2-3 at 2].

---

[1] The Decision on Marsh's application identifies Arthur Lee Marsh as the "Wage Earner." [2-3 at 3].

[2] Marsh attached only the first page of the ALJ's decision, so it is impossible for the Court to discern the nature of his disability, why the ALJ found him to be disabled, or any other information that may be relevant to Marsh's instant motion.

In a letter from the Administration to Marsh that appears to be dated June 30, 2014,[3] he was advised that he is "entitled to monthly disability benefits from Social Security beginning in April 1980." [2-4 at 2]. He was also given a schedule of the monthly amounts due to him, as adjusted by cost of living increases. [*Id.* at 2-3]. The amounts ranged from a low of $341/mo. for the April – June 1980 period, to $1,101/mo. commencing in December 2013. [*Id.*]. However, Marsh was specifically advised as follows:

> We are paying you beginning June 2014.
>
> - You will receive $1,101.00, which is the money you are due for June 2014.
>
> - After that, you will receive $1,101.00 each month.
>
> Although we are sending you $1,101.00 of the money you are due for the past months, **we are withholding your Social Security benefits for April 1980 to May 2014. We may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period.** When we decide whether or not we have to reduce your Social Security benefits, we will send you another letter. We will pay you any benefits you are due.

[2-4 at 3 (emphasis added)].

In an affidavit Marsh submitted in support of his PI Motion, Marsh avers that "To-date, Defendant has failed to issue or disburse any payment to me for my entitled Social Security benefits **for the period covering April 1980 to December 2013**." [2-2 at ¶ 7 (emphasis added)]. Marsh claims that he has contacted the Administration "numerous times," but has not received payment for the period in question. [*Id.* at ¶ 8]. Marsh claims that the withholding of the payment has caused him to suffer emotional harm, as well as substantial difficulty in maintaining his home, paying bills, and obtaining loans/credit. [*Id.* at ¶¶ 9-10].

---

[3] The date on this typewritten letter has been crossed out and, in someone has written in hand "7/25/14".

2

On April 24, 2015, Marsh commenced this civil action asking the Court to enter a writ of mandamus directing Defendant to "immediately compute and pay [Marsh's] past due benefits …" and awarding other relief. [1 at 5]. That same day, Marsh filed the instant *ex parte* PI Motion in which he asks the Court to enter an order "enjoining Defendant from further delays in processing rightful benefit amount due and owing to Plaintiff for Social Security disability benefits within the timeframes required by the [applicable laws]." [2 at 2-3]. The docket reflects that Defendant has not yet been served. For the reasons discussed below, the Court recommends that Marsh's PI Motion be denied without prejudice.

## II.     LEGAL STANDARDS

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-cv-12739, 2013 WL 8475802, at *2 (E.D.Mich.Oct.23, 2013). The movant, however, bears a substantial burden of demonstrating entitlement to preliminary injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief should be granted only if "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington—Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The same factors are considered in determining whether to grant a request for a temporary restraining order or a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (citing *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Ultimately, whether to grant

such relief is a matter within the discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

Federal Rule of Civil Procedure 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Although Rule 65(a)(1) does not specify what length of "notice" is required, the United States Supreme Court has explained that the party against whom the preliminary injunction is sought must be "given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n. 7 (1974).[4] This "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose*, 415 U.S. at 439.

### III. ANALYSIS

Marsh fails to show that he is entitled to a preliminary injunction. First, he brings his PI Motion *ex parte*, before the Defendant has been served. In so doing, Marsh clearly has not satisfied Rule 65(a)(1)'s notice requirement, and it would be improper for this Court to grant a preliminary injunction requiring Defendant to "**immediately** compute and pay [Marsh's] past due benefits …" [1 at 5 (emphasis added)]. *See Dunbar v. Prelesnik*, No. 13-cv-1100, 2015 WL 1393376, at *5 (W.D. Mich. Mar. 25, 2015) ("As an initial matter, [plaintiff's] request seeks an *ex parte* preliminary injunction. The Court may not issue an *ex parte* preliminary injunction.") (citing *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130–31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed

---

[4] A temporary restraining order, on the other hand, may be issued without full notice, even, under limited circumstances, *ex parte*. Fed.R.Civ.P. 65(b)(1).

questions of fact and law") and *Consolidation Coal Company v. Disabled Miners of Southern West Virginia*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of *ex parte* preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'")).

Second, even if the Court were to consider the merits of Marsh's instant motion, it would find that he is not entitled to preliminary injunctive relief. As noted above, the Administration specifically advised Marsh that it was withholding his Social Security benefits for the period from April 1980 to May 2014, and that he might not actually receive those amounts if he had received SSI payments which reduce those benefits. Marsh does not address this issue in his PI Motion. Thus, the Court is unable to say that Marsh has even a reasonable chance of success on the merits, let alone a strong likelihood of success.

Nor does the Court find that Marsh has shown that he is presently suffering, or will suffer irreparable harm if the Court does not immediately grant his PI Motion. Marsh's affidavit is extremely vague in terms of the nature of the harm he is suffering. He alleges financial difficulty only in the most non-descript and conclusory terms. He does not identify his present sources or amounts of income, his assets, or the amount of his monthly expenses and other liabilities. He does not state that he is facing eviction or litigation brought by creditors.

Finally, while the Court cannot say that issuing the requested injunction in this case would necessarily cause a substantial hardship to others, ultimately it would create a hardship on the Administration if courts ordered it to pay benefits without first being certain that they were owed. There is no public interest in ordering the Administration to pay a significant sum of money to a claimant who has woefully failed to show his entitlement to that money.

In sum, all of the relevant factors favor denying Marsh's request for preliminary

injunctive relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Marsh's *Ex Parte* Motion for Preliminary Injunction **[2]** be **DENIED WITHOUT PREJUDICE** so that, if circumstances so merit, Marsh may file an appropriate motion addressing the issues identified herein, and giving the Defendant proper notice and opportunity to respond.

Dated: April 27, 2015                                                             s/David R. Grand
Ann Arbor, Michigan                                                          DAVID R. GRAND
                                                                                              United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                        s/Eddrey O. Butts
                                        EDDREY O. BUTTS
                                        Case Manager

Dated: April 27, 2015