UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP MARSH,

       Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.
_____/

Case No. 15-11481
Hon. Gerald E. Rosen
Magistrate Judge David R. Grand

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* MOTION FOR PRELIMINARY INJUNCTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     October 6, 2015

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

On April 27, 2015, Magistrate Judge David R. Grand issued a report and recommendation ("R & R") recommending that the Court deny without prejudice an *ex parte* motion for preliminary injunction filed by Plaintiff Phillip Marsh. Plaintiff filed objections to the R & R on May 11, 2015. Upon reviewing the R & R, Plaintiff's objections, his underlying *ex parte* motion, and the remainder of the record, the Court overrules Plaintiff's objections and adopts the R & R as the opinion of this Court.

As his first objection to the R & R, Plaintiff takes issue with the Magistrate

Judge's finding that the preliminary injunction he seeks in his motion may only be issued *after* notice has been given to the Defendant Commissioner of Social Security.  (*See* R & R at 4-5 (citing Fed. R. Civ. P. 65(a)(1) and other authorities).)  Yet, Plaintiff does not point to any authority that would cast doubt upon the requirement of notice expressly set forth in Rule 65(a)(1).  To the contrary, Plaintiff tacitly acknowledges this requirement, as well as his failure to satisfy it, and he asks instead that he be permitted to file an amended motion in which he could either (i) "correct the procedural issues raised in" the R & R, or (ii) pursue the different relief of a temporary restraining order under Rule 65(b).  (Plaintiff's Objections at 1.)

  Simply stated, nothing in the Magistrate Judge's R & R would deny Plaintiff this desired opportunity to seek preliminary relief from the Court prior to a decision on the merits of Plaintiff's underlying petition for mandamus relief.  As expressly stated in the R & R, the Magistrate Judge recommends that Plaintiff's present motion be denied *without prejudice* to Plaintiff's opportunity to "file an appropriate motion" at a later date that "address[es] the issues identified" in the R & R and "giv[es] the Defendant [Commissioner] proper notice and an opportunity to respond."  (R & R at 6.)  In light of Plaintiff's apparent acknowledgment of procedural defects in his present motion, the Court is at a loss as to why Plaintiff elected to lodge objections to the R & R, rather than pursuing his desired preliminary injunctive relief through an "appropriate motion" as suggested by the Magistrate Judge.

  Because Plaintiff has failed to identify any error in the Magistrate Judge's

conclusion that Plaintiff's present motion is subject to denial on wholly procedural grounds, there is no need for the Court to resolve Plaintiff's remaining objections to the R & R. Nonetheless, it is worth noting that Plaintiff suggests repeatedly in these remaining objections that he be given an opportunity to offer additional evidence in support of his claims of likely success on the merits and irreparable harm. (*See* Plaintiff's Objections at 2-3.) Again, Plaintiff would be given precisely this opportunity by filing the "appropriate motion" allowed under the Magistrate Judge's R & R. In addition, the Magistrate Judge correctly observes that Plaintiff's present motion is supported only by select excerpts from the administrative record and Plaintiff's own "extremely vague" affidavit, (R & R at 5), and these deficiencies could best be overcome through a motion that is more thoroughly supported and is served on the Defendant Commissioner, who in turn would have the opportunity to supplement the record with additional materials deemed relevant to Plaintiff's request for preliminary injunctive relief.[1]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 11, 2015 objections to the Magistrate Judge's report and recommendation (docket #6) are OVERRULED, and that the Magistrate Judge's April 27, 2015 report and recommendation (docket #5) is ADOPTED as the opinion of this Court. IT IS

---

[1] Notably, since Plaintiff filed his objections to the Magistrate Judge's R & R, the Defendant Commissioner has filed a motion seeking the dismissal of Plaintiff's underlying petition for mandamus relief, based in large part on the Commissioner's recent issuance of the administrative decision that Plaintiff sought to compel through the present suit.

FURTHER ORDERED, for the reasons stated in the R & R, that Plaintiff's April 24, 2015 *ex parte* motion for preliminary injunction (docket #2) is DENIED WITHOUT PREJUDICE.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  October 6, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 6, 2015, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135